UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| n/a | | n/a |

**Proceedings:** (In Chambers:) SELECT PORTFOLIO SERVICING'S MOTION TO DISMISS (Dkt. #6, filed October 25, 2013)

## I.  INTRODUCTION

Plaintiffs Kevin and Kim Lewis filed this action in Los Angeles County Superior Court on August 30, 2013, against defendants Bank of America, N.A., BAC Home Loans Servicing, LP, ("BAC"), Select Portfolio Servicing, Inc. ("Select"), and Does 1 through 500.  Dkt. #1.  Plaintiffs assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, fraud, interference with contract, bad faith denial of existence of contract, interpleader, violation of Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), and punitive damages.  Id.  Defendants removed the action to this Court on October 18, 2013, on the grounds that this Court has original jurisdiction over the action based on diversity of citizenship under 28 U.S.C. § 1332.  On November 22, 2013, Bank of America filed a verified answer on its own behalf and on behalf of BAC as BAC's successor by merger.  Dkt. #9.

Select filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 25, 2013, dkt. #6, and a reply on November 25, 2013, dkt. #10.  No opposition has been filed.  The Court held a hearing on December 9, 2013.  No appearance was made by plaintiffs or on plaintiffs' behalf.  At the hearing, the Court took the matter under submission.  After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

**II.   BACKGROUND**

Plaintiffs allege that they reside in Los Angeles County, California. Compl. ¶¶ 1-2. Plaintiffs further allege that Bank of America, N.A. is a national association doing business in Los Angeles County, California, BAC is a subsidiary of Bank of America, and Select is a subsidiary of Credit Suisse. Id. ¶¶ 3-5.

Plaintiffs allege that, on or about May 5, 2005, they executed a promissory note (the "note") with WMC Mortgage Corporation ("WMC") and a deed of trust. Id. ¶ 9. According to plaintiffs, they subsequently began making monthly payments on the note. Id. ¶ 10. Plaintiffs next allege that Bank of America and BAC succeeded WMC as the owner and servicer of the note at some point after May 26, 2005, but prior to March 25, 2010. Id. ¶ 11.

Plaintiffs further allege that, on or about March 25, 2010, BAC presented, in writing, an offer of a loan modification that modified the note's existing terms, and that plaintiffs accepted the offer by executing the loan modification agreement on April 17, 2010. Id. ¶¶ 12-13. Plaintiffs next allege that, commencing on April 30, 2010, they commenced making payments in the amount of $1,570, as required by the loan modification agreement, and that they continued to make such payments until Bank of America and BAC refused to accept further payments.[1]

According to plaintiffs, Bank of America and BAC breached the loan modification agreement by refusing to accept further payments and claiming that no modification existed. Id. ¶ 17. Plaintiffs allege that they met all of the requirements of the loan modification until they were prevented from doing so by Bank of America and BAC. Id. ¶ 20.

Plaintiffs allege that Bank of America and BAC sold the note to Select, or designated Select as the servicer of the note, and that Select acquired the note subject to plaintiffs' contractual rights under the alleged loan modification agreement. Id. ¶ 35. According to plaintiffs, Select has refused to accept payments on the note pursuant to the

---

[1] The Complaint does not allege whether these payments occurred on a monthly basis or on some other schedule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

terms of the alleged loan modification agreement. Id. Additionally, plaintiffs allege that defendants "erroneously, and contrary to . . . written documentation" claim that they never entered into a loan modification agreement with plaintiffs. Id. ¶ 37.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The only claims asserted against Select are set forth in the third, seventh, and eighth claims for relief. They are claims for declaratory relief, violation of the UCL, and interpleader. For the reasons set forth below, the Court finds that plaintiffs have stated claims against Select for declaratory relief and violation of the UCL, but have not stated a valid claim entitling them to interplead funds.[2]

---

[2] The Court recognizes that at the hearing on Select's motion to dismiss, it indicated that it would grant the present motion in its entirety, with leave to amend, based on plaintiffs' failure to oppose the motion. After further consideration, the Court has concluded that dismissal is not appropriate as to plaintiffs' claims for declaratory relief and violation of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

### A. Plaintiff's Claims for Declaratory Relief and violation of the UCL

The wrongful, unjustified, or unexcused failure to perform under a contract constitutes a breach of that contract. 1 Witkin, Summ. Cal. Law, Contracts § 847 (10th ed. 2005) (citations omitted). "[A]ny person interested . . . under a contract . . . may . . . bring an original action . . . for a declaration of his or her rights and duties" under that contract. Cal. Code Proc. § 1060; see also Caira v. Offner, 126 Cal. App. 4th 12, 24 (2005) ("It is elementary that questions relating to the formation of a contract, its validity, its construction and effect, excuses for nonperformance, and termination are proper subjects for declaratory relief."). Select argues that plaintiffs fail to state a claim for declaratory relief because they allege no wrongdoing on the part of Select. Mot. Dismiss 4. The Court is unpersuaded by this argument. Plaintiffs allege that Select acquired the note subject to the alleged loan modification agreement, but nonetheless has refused to accept payments under the agreement. Compl. ¶ 35. Plaintiffs seek a declaratory judgment setting forth their rights and duties under the alleged agreement. Id. ¶ 38. The Court finds that these allegations are sufficient to state a claim for declaratory relief against Select. See Cal. Code Proc. § 1060.

Similarly, the Court finds that plaintiffs have stated a claim for violation of the UCL based on defendants' (including Select's) alleged denial of the existence of a loan modification agreement. The UCL proscribes unlawful, unfair, and fraudulent business practices. Cal. Bus. & Prof. Code § 17200. The alleged denial of the existence of a loan modification agreement, see Compl. ¶ 70(a), is actionable under the "unfair" prong of the UCL because it is "immoral unethical, oppressive, unscrupulous, or substantially injurious to consumers." See Pinel v. Aurora Loan Servs., LLC, 814 F. Supp. 2d 930, 940 (N.D. Cal. 2011) (quoting McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008)).

Select resists this conclusion on three grounds, none of which is availing. First, Select argues that this claim fails because it rests solely on vicarious liability, and not on allegations of wrongdoing by Select. Mot. Dismiss 6. This argument fails because, as stated above, plaintiffs allege that Select is refusing to abide by the terms of the loan modification agreement. Compl. ¶ 35. Second, Select argues that plaintiffs' UCL claim fails because they have not alleged an injury in fact, since no foreclosure has taken place. Mot. Dismiss 6. The Court is unpersuaded by this argument because it is a reasonable inference from the allegations in the Complaint that plaintiffs have suffered an injury in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

fact due to the threat of a foreclosure, resulting from defendants' alleged breach of the loan modification agreement. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011) (injury for purposes of standing under the UCL includes "hav[ing] a present or future property interest diminished").

Third, Select argues that plaintiffs' claim fails because plaintiffs do not allege a basis for an award of restitution. Mot. Dismiss 7. This argument is unavailing because injunctive relief is also available under the UCL. See Cal. Bus. & Prof. Code § 17203. At this juncture, it would be premature to find that injunctive relief may not be granted with respect to plaintiffs' claim that Select breached the alleged loan modification agreement.

### B. Plaintiffs' Claim for Interpleader

"Interpleader is an equitable proceeding by which an obligor who is a mere stakeholder may compel conflicting claimants to money or property to interplead and litigate the claims among themselves." 4 Witkin, Summ. Cal. Law, Pleading § 237 (5th ed. 2008); see also Cal. Code Proc. § 386. "When a person may be subject to conflicting claims for money or property, the person may bring an interpleader action to compel the claimants to litigate their claims among themselves." In re Peterson, 156 Cal. App. 4th 676, 682 (2007) (quoting Cal. Code Proc. § 386(b)). Select argues that plaintiffs' claim for interpleader fails because plaintiffs fail to allege competing claims to any funds. Mot. Dismiss 5. The Court agrees. The crux of plaintiffs' allegations is that defendants are refusing to acknowledge the existence of a loan modification agreement. See, e.g., Compl. ¶ 35. As such, plaintiffs' claim that money is owed to defendants under the alleged loan modification agreement is disputed. Therefore, rather than alleging a potential for conflicting claims to payments that are owed on the note, plaintiffs allege that defendants are denying the existence of such claims. Accordingly, interpleader is inappropriate here.

### V. CONCLUSION

In accordance with the foregoing, Select's motion to dismiss is DENIED IN PART and GRANTED IN PART. Plaintiffs shall have until **January 13, 2014**, to file an amended complaint that corrects the deficiencies identified herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7717 (CAS) (VBKx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | LEWIS, ET AL. V. BANK OF AMERICA NA, ET AL. | | |

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | IM | | |